**In re Michael F. WEBER, Edlyna F. Weber, Debtors.**

**Bankruptcy No. 95–41264–13.**

United States Bankruptcy Court, D. Kansas.

March 3, 1997.

Lynn D. Lauver, Consumer Bankruptcy Clinic, P.A., Topeka, KS, for debtors.

Martin M. Shoemaker, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, for United States.

William H. Griffin, Topeka, KS, Chapter 13 Trustee.

Royce Harper, Lincoln, NE, David Tarvin, Omaha, NE, Asst. Attys. Gen., for State of Neb.

## ORDER

JAMES A. PUSATERI, Chief Judge.

This matter comes before the Court on the Debtor's Objection to the Claim of Internal Revenue Service. A hearing was held on January 17, 1997. Appearing for the parties were Lynn D. Lauver, attorney for the debtors, and Martin M. Shoemaker, attorney for the United States. Also present were Royce Harper and David Tarvin, Assistant Attorneys General for the State of Nebraska.

The Internal Revenue Service has filed a proof of claim in the amount $46,149.45. The claim consists of a priority claim for delinquent child support certified to the IRS by the Secretary of Health and Human Services pursuant to 26 U.S.C. § 6305(a). The State of Nebraska had requested the certification under 42 U.S.C. § 652(b) and 45 C.F.R. § 303.71.

The grounds for the debtors' objection are that the certification procedures set forth in 45 C.F.R. § 303.71 have not been followed, the certification is no longer valid, and thus the IRS claim should be disallowed.

Having heard the arguments of counsel and having reviewed the file, the Court finds that this Court is not the proper forum for the debtors' challenge of the assessments made pursuant to 26 U.S.C. § 6305(a). The assessments originally made are those which form the basis of the IRS claim. Debtor seeks modification of that assessment. The Court lacks jurisdiction over the necessary parties to that action, including the State of Nebraska. The debtors' redress is in Nebraska state court with respect to his claim that child support assessments are inaccurately reflected on the proof of claim of the Internal Revenue Service.

IT IS THEREFORE ORDERED that the Debtors' Objection to the Claim of the Internal Revenue Service is denied.